UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| For the Use and Benefit of | § | |
| Dynamic Systems, Inc. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CASE NO. 1:19-cv-00030 |
| v. | § | |
| | § | |
| ANTHONY AND GORDON | § | |
| CONSTRUCTION COMPANY, INC. & | § | |
| GREAT AMERICAN INSURANCE | § | |
| COMPANY | § | |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Dynamic Systems, Inc. ["DSI"], Plaintiff, and complains of the Defendant Anthony and Gordon Construction Company, Inc. ["A&G"] and Defendant, Great American Insurance Company ["GAIC"] for cause shows the following:

### I. Parties and Service

1.      Plaintiff DSI is a corporation organized under the laws of the State of Texas, having its principal place of business at 3901 South Lamar Boulevard, Suite 300, Austin, Texas 78704.

2.      Defendant, Anthony and Gordon Construction Company, Inc., is a Tennessee corporation that is authorized to do business in Texas, and may be served with process by service upon its registered agent, Peckar & Abramson, P.C., Attn:  Timothy D. Matheny, 8080 N. Central Expressway, Suite 1600, Dallas, Texas  75206.

3.      Defendant, Great American Insurance Company is an Ohio corporation that conducts business in Texas, and may be served with process by service upon its registered agent CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II. Jurisdiction and Venue

4.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1352 in that the matter involves an action on a payment bond executed under 40 U.S.C. § 3131 *et. seq.* (the "Miller Act"), and the Court has jurisdiction over any other matters herein pursuant to 28 U.S.C § 1367 because the other claims are so related to the Miller Act claims that they form part of the same case or controversy.

5.      In the alternative, this court has diversity jurisdiction under 28 U.S.C. § 1332. The action is brought between citizens of different states and the amount in controversy exceeds $75,000.00

6.      The amount in controversy is in excess of the minimum jurisdictional limits of this Court.

7.      Venue in the Western District of Texas, San Antonio division is proper pursuant to 28 USC 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas, because this lawsuit involves a written contract whereby the work and services rendered were performed in Bexar County, Texas.

## III. Factual Background

8.      Defendant Anthony and Gordon Construction Company, Inc., ["A&G"] as general contractor, was awarded Prime Contract No. W9126G-13-C-0005, involving the construction of

Fort Sam Houston Vehicle Tactical Equipment Maintenance Facility ["TEMF"] located in Fort Sam Houston, Texas ["Prime Contract"]. A&G was required under Federal Law and under the Prime Contract to provide a payment bond. The payment bond is provided for the benefit of subcontractors and suppliers working on the Project. A true and correct copy of the payment bond is attached to this Complaint and labeled as Exhibit 1. On January 4, 2013, A&G executed a payment bond with Great American Insurance Company. The bond was designated no. 1146387 ["the Bond"].

9.      Effective on June 11, 2014, Plaintiff DSI entered into a subcontract with Defendant A&G, whereby Plaintiff DSI would provide subcontract work, equipment and materials necessary to furnish and install, in general, the Division 23 Heating, Ventilation and Air Conditioning Equipment work for A&G at the Fort Sam Houston Vehicle Maintenance Facility TEMF Project ["the Project"]. Exhibit 2. The work was subcontract work for A&G's work awarded under the Prime Contract.

13.    DSI was provided a contract schedule by A&G with an end date of March 18, 2014. As a result of numerous delays for which A&G is responsible, the substantial completion date was delayed until November 30, 2016. In addition, as a result of the delays, DSI experienced inefficiencies in performing the work in the Project. DSI did not finish its last original work until October 13, 2017 and November 14, 2017, as a result of design deficiencies related to the controls for various equipment that was to be connected to the existing Building Automation System on Fort Sam Houston, which design deficiencies had to be resolved in order for the original work to be completed. The Corps stated on October 3, 2017, that this work had to be completed to close out Commissioning.

14.     A&G had a history of making delayed payments in breach of the Prime Contract and the subcontract provisions. Several times DSI exercised its subcontract right under Subparagraph 10.4.4 of the Subcontract to stop work because of delayed payments by A&G. A&G is responsible for the delay when DSI pulled off the job, as A&G was in breach of its payment obligations under both the Prime Contract and the Subcontract.

15.     On August 31, 2015, DSI sent its first notice of intent to stop work because of lack of payment of Pay Applications for work performed in May, June and July, 2015.

16.     On October 23, 2015, DSI sent an additional notice to A&G of DSI's intent to continue to stop work under Subparagraph 10.4.4 because of late payment on Pay Applications 4, 5, 6, and 7.

17.     On September 9, 2016 DSI sent another formal notice of failure to pay for Pay Applications 9 & 10 and demobilized on September 12, 2016.

18.     On October 25, 2016, DSI sent another notice of a failure to pay.

19.     DSI was delayed throughout the project on numerous occasions, in addition, to the delays outlined above caused by nonpayment in breach of A&G's contract with DSI. The first delay was caused by submittal register errors. The second delay was caused by the lack of schedule updates by A&G which prevented A&G from properly coordinating the work of the Project. On September 15, 2015, DSI submitted its first delay claim for the period of March 18, 2014, to September 31, 2015, in the amount of $150,084.00. Another delay was that DSI had to wait on power to the Cooling Tower and Chiller, and for A&G's plumbing subcontractor to complete the necessary predecessor work to provide make-up water to the system. DSI incurred demobilization and remobilizations costs in the amount of $5,000 for the delays submitted in its first delay claim. The total amount for the first delay claim is $155,084.00. Various design issues held up DSI's

progress on the Project. During April, 2016, there was a delay in obtaining electrical power so the Cooling Tower installation could be completed. On October 19, 2016, DSI submitted its second delay claim for the period of October 1, 2015 to October 31, 2016, in the amount of $360,281.00. DSI also incurred demobilizations and remobilization costs in the amount of $5,000.00 for the delays submitted in its second delay claim. The total amount for the first delay claim is $365,281.00. The final delay period for which DSI claims compensation is from November 1, 2016, to November 30, 2016, in the amount of $62,410.00.  The total amount claimed for delay costs is $582,775.00.

20.     Because of the delays and manner in which the project was managed by A&G, DSI experienced losses of efficiency. As a result of DSI's work crews having to perform tasks out of sequence, trades occasionally were stacked in one area, and were required to work concurrently in an area that had originally been scheduled to accommodate the trades sequentially. The resulting confusion and congestion that was caused by putting different trades in the same area led to lost productivity and general inefficiency as the different trades struggled to perform their jobs and avoid interfering with each other.  DSI claims $58,867.42 in labor inefficiencies.

### IV. Causes of Action

#### a. Miller Act Claim Under 40 U.S.C. § 3133- Both Defendants

21.     Plaintiff incorporates by reference and realleges the factual allegations of Paragraphs 1 – 20 above.

22.     Plaintiff has fully performed its obligations in furnishing materials and labor for the Project and as stated above, Plaintiff, incurred delay damages and labor inefficiencies damages as a results of delays caused by Defendant A&G.

23.     This action is brought more than 90 days since the date that Plaintiff last provided materials and labor for the Project, but prior to the expiration of one year from that date.

24.     Plaintiff submitted timely delay claims to Defendant A&G that remain unpaid. Despite timely notice and repeated written and oral demands upon A&G and upon GAIC for payment for the sums due and owing to Plaintiff, payments have not been made.

25.     Defendants A&G and GAIC are jointly and severally liable to Plaintiff for all amounts due for labor and materials furnished for the Project, for a total amount due of $582,775.00, together with interest at the applicable rate.

### *b. Breach of Subcontract*

26.     Plaintiff re-alleges and incorporates the facts set forth in paragraphs 1-20 and further states that the Defendants are liable to Plaintiff in breaching the subcontract agreement.

27.     Defendants have breached the subcontract because their actions or omissions caused the Project to be delayed as described above. Plaintiff submitted timely delay claims for costs incurred as a results of the delays caused as a result of the actions or omissions of Defendants. Defendants ignored Plaintiff's claims and continue to refuse to pay the delay costs incurred by Plaintiff as a result of Defendants actions or omissions.

28.     As a direct and proximate result of these breaches, Plaintiff DSI, has suffered actual damages in an amount $582,775.00, together with interest at the applicable rate.

29.     All conditions precedent have been performed or have occurred.

### *c. Quantum Meruit*

30.     In the alternative, and without waiving the above pleaded causes of action, Plaintiff re-alleges and incorporates the facts set forth in paragraphs 1-20 and further contends that Defendants are liable to Plaintiff DSI under the theory of quantum meruit.

23.     Plaintiff DSI provided additional services and materials to Defendants as a result of Defendants acts or omissions to caused delays to the Project. More specifically, Plaintiff incurred additional costs as a result of the delays caused by the Defendants and performed additional work on the Fort Sam Houston Vehicle Maintenance Facility TEMF located in San Antonio, Texas, including, but limited to, the following work and costs set forth in the preceding paragraphs 1-20.

24.     Defendants conferred a benefit for Plaintiff DSI's work. But for Plaintiff DSI's work performed, Defendants would be obligated to perform under the Prime Contract.

25.     Defendants have not adequately compensated Plaintiff DSI for work performed. Plaintiff is entitled to recover the reasonable value for its performed work and describe above.

### V. Court Costs and Attorneys' Fees

34.     More than thirty days have elapsed since Plaintiff has made demand on Defendants for the contract amounts due Plaintiff as set forth herein, and due to the failure of Defendants to pay amounts due, Plaintiff has been required to retain the services of the undersigned counsel to prosecute this action.

35.     Pursuant to §38.001 of the Texas Civil Practice and Remedies Code, Plaintiff has satisfied all conditions precedent to recovery of its reasonable and necessary attorneys' fees incurred in its action based on Breach of Contract and pleads for recovery thereof.

36.     In the alternative, pursuant to § 38.001 (1)-(3) of the Texas Civil Practice and Remedies Code, Plaintiff DSI is entitled to reasonable and necessary attorneys' fees in bringing this suit and seeking recovery under the theory of quantum meruit.

## VI. Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff DSI, respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against the Defendants for damages including:

a. Actual Damages in the amount of $582,775.00;

c. Pre-judgment and Post-judgment interest as provided by law;

d. Reasonable and Necessary Attorneys' fees and Court of filing this lawsuit; and

e. Such other and further relief to which Plaintiff may show itself justly entitled.

Dated: January 11, 2019

Respectfully Submitted,

BAILEY & BAILEY, P.C.
230 Pereida Street
San Antonio, Texas 78210-1145
Telephone: (210) 225-7747
Facsimile (210) 225-8246

*/s/Johnathan M. Bailey*
Johnathan M. Bailey, Lead Counsel
jbailey@baileyandbaileypc.com
SBN 24000009
Hector M. Benavides
hbenavides@baileyandbaileypc.com
SBN 24072557
*Attorneys for Plaintiff*
*Dynamic Systems, Inc.*